STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
JAMES R. GILMOUR, RESPONDENT.
674 N.W.2d 483

Filed February 6, 2004.   No. S-03-694.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN,
McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, James R. Gilmour, was admitted to the practice of law in the State of Nebraska on September 13, 1988, and at all times relevant hereto worked as a bank employee in Marshalltown, Iowa. Respondent is not actively engaged in the practice of law in Nebraska and has been an inactive member of the Nebraska State Bar Association since January 1, 1994. On September 23, 2003, amended formal charges were filed against respondent (formal charge). The formal charge sets forth a single count, including charges that the respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law).

On December 16, 2003, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest the allegations that he violated DR 1-102(A)(4) and (6) and effectively waived all proceedings against him in connection therewith in exchange for a judgment of suspension for 2 years. Upon due consideration, the court approves the conditional admission and orders that respondent be suspended from the practice of law in the State of Nebraska for 2 years.

## FACTS

In summary, the formal charge alleges the following: From 1988 through 1996, respondent was a trust officer and vice president for Hawkeye Bank and Trust in Marshalltown. From 1997

to 1999, respondent was executive vice president for Mercantile Bank, a successor to Hawkeye Bank and Trust, in Marshalltown. From 1999 to November 2001, respondent was the market area president of U.S. Bank, a successor to Mercantile Bank, in Marshalltown (hereinafter, Hawkeye Bank and Trust, Mercantile Bank, and U.S. Bank collectively referred to as "bank").

Beginning in 1993 and continuing through 2001, respondent, while working as a bank employee, personally accepted money from a bank client for which no additional bank services or any other services were provided. The record contains a dispute as to whether the money was a loan or a gift. On November 8, 2001, respondent's employment with the bank was terminated as a result of his receipt of the payments.

## ANALYSIS

Rule 13 provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly admits the relevant facts outlined in the formal charge and knowingly does not challenge or contest that he violated DR 1-102(A)(4) and (6). We further find that respondent waives all proceedings against him in connection herewith.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(4) and (6) and that respondent should be suspended for a period of 2 years, effective immediately, after which time respondent may apply for reinstatement. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.